NO. 07-11-0247-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 23, 2012

_____

JERARDO MATA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A18649-1012; HONORABLE EDWARD LEE SELF, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Jerardo Mata contends the evidence is insufficient to support his conviction of aggravated perjury. We disagree and affirm the judgment.

We review challenges to the sufficiency of the evidence under the standard discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010) to which we refer the parties. Appellant claims the evidence is insufficient to show that he formed the requisite intent to deceive or that he even knew the meaning of his response which was found to constitute perjury.

The State was required to prove that, with the intent to deceive and with knowledge of the statement's meaning, appellant made a false statement under oath which was required to be made under oath, it was made during or in connection with an official proceeding, and it was material. TEX. PENAL CODE ANN. §§37.02(a) & 37.03(a) (West 2011). The false statement occurred during a bond reduction hearing in Cause No. A37570-1011 when appellant stated that he had not previously been convicted of assault on Mary Alice Cantu.

Intent and knowledge may be inferred from a person's words, acts, and conduct. *Hart v. State,* 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). In this instance, the transcript from the bond reduction hearing shows that appellant was questioned about whether he had pled guilty to a domestic violence assault in Bexar County in 2008. He admitted he had, but his testimony was unclear as to whether the victim of that assault had been Mary Alice Cantu. However, in denying the motion to reduce his bond, the trial court took judicial notice "that the alleged victim of the offense for which the defendant is incarcerated is the same person as that on a previous assault conviction." Before the hearing was adjourned, appellant sought to re-open the hearing, and appellant was specifically asked if "that individual" he pled guilty for assaulting in San Antonio "is the same individual you are charged with in this current case?" Appellant responded "[n]o" and stated he could not remember the identity of the victim. He then again affirmed that he did not "have a prior conviction for Ms. Cantu . . . [i]n the State of Texas or anywhere else in the world." Thereafter, the trial court took its "original finding back" and reduced the bond. Evidence was admitted at trial that appellant did have a 2008 conviction for assault on Mary Alice Cantu.

Appellant's original unclear answer[1] which resulted in a denial of his request for a bond reduction and his subsequent unequivocal denial of any prior conviction of assault on Cantu could have been construed by the jury as being made with knowledge and the intent to lie in order to obtain a bond reduction. Admittedly, there was evidence that appellant suffered from schizoaffective disorder which could make communication with appellant difficult particularly when he was under stress. There was also evidence that appellant had another charge for assault on Cantu in 2008 that was dismissed, and he could have been confused as to which assault the State was referring. Nevertheless, it was for the jury and not us to determine those matters. Viewed in its most favorable light, there is legally sufficient evidence.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.

---

[1]Appellant responded to the question as to whom the victim was by saying: "Let me see. I was locked up that one time when the judge told me that you need to plead guilty, get out, you - - you should have been gone." The prosecutor then asked, "Mary Alice Cantu?" Appellant responded: "I guess - - another one. The same thing I am going through here. I got another case, an aggravated assault on her, and was in jail 422 days and then she just finally told the DA 'I lied about everything, he never assaulted me . . . .' Only, well, after a year and two months in the county jail, the DA dismissed my case, my charges."